RESTITUTA ALGARÍN, Petitioner, *v.* DISTRICT COURT OF HUMACAO, Respondent.

No. 1267. Argued December 18, 1941.—Decided February 3, 1942.

Mr. Chief Justice Del Toro delivered the opinion of the court.

On December 11, 1941, Restituta Algarín, through her counsel, Attorney R. Arjona Siaca, filed a petition for certiorari which was denied on the following day by an order stating: *"No ha lugar."* Feeling aggrieved by that decision, she filed a motion for reconsideration, in which she acknowledges the power of this court to dispose of the matter in the way indicated, but insists that this court should set forth the grounds on which it based its refusal to issue the writ.

A like position was recently taken by the same attorney in the case of *Jiménez* v. *District Court, ante,* p. 29, which involved a writ of prohibition. There this court, in passing upon the motion, declared that it was not bound "to explain the reasons for its refusal to issue an extraordinary writ," but stated, in the form of an opinion, the reasons which lead it to the "order denying the relief sought (*no ha lugar*)," and confirmed such denial. We will not follow a similar course now.

Corpus Juris, to which important contributions have been made by Doctor Charles Summer Lobingier, who served as Judge of First Instance of the Philippine Islands for ten years and as Judge of the United States Court for China for another ten years, and who has supplied for its pages numerous definitions of selected Spanish legal words and phrases, says:

*"No ha lugar.* The phrase used in denying relief."* 38 C. J. 326.

The authority therein cited is the "*Diccionario Razonado de Legislación y Jurisprudencia*" by Don Joaquín Escriche, Honorary Magistrate of the Madrid Audiencia. Accordingly we find on page 950, vol. 3 of the 1875 edition of said dictionary, the following:

"*Lugar.* The time, occasion, opportunity, cause or reason for doing or failing to do something.—'*Como mejor haya lugar en derecho*' is a phrase used in every petition by the petitioner for the purpose of expressing that, in addition to the specific relief sought, he desires to be granted any other relief authorized by law.—'*No ha lugar*' is also a legal phrase meaning that the relief sought is denied."

The use of the above Spanish legal phrase has, therefore, been consecrated by the years as a legacy from Spain. It supplies a need and arises from the desire to promote the expedition of legal business.

A similar practice obtains in the American courts. If we examine, for instance, Volume 312 of the United States Supreme Court Reports, which is the most recent one available in our library, we will find on pages 649 to 710, in the part containing the *per curiam* decisions, etc., from January 7 to March 31, 1941, a great number of cases decided as follows: "Application denied" or "Petition for writ of certiorari to the Circuit Court of Appeals for the (number) Circuit denied."

The English phrase is, therefore, still shorter than the Spanish one. The former has two words and the latter has three.

The use of either the English or the Spanish phrase does not mean that the court has failed to give proper consideration to the case before deciding it.

The practice in this court as regards extraordinary remedies is as follows: After the petition has been filed in the office of the secretary, the Chief Justice turns it over to the Justice to whom the case has been assigned for study. The latter gives the same preferential attention and submits it to the full court at its first meeting in conference, together with

the result of his study. In some cases, during the conference, the petition in full or, as more frequently happens, the pertinent part thereof is read aloud, and if the Justices become convinced that for some clear reason the relief sought can not be granted, or consider that the case as submitted does not merit the favorable exercise of the court's discretion, as in certiorari proceedings, the case is disposed of by an order reciting: *"No ha lugar."*

On very rare occasions the denial of the petition is accompanied by an opinion, inasmuch as the petitions involved are *ex parte* and neither the facts nor the law has been determined upon the contest or admission of the adverse party, it being at least risky to lay down any jurisprudence under such circumstances. An opinion is filed only where it is deemed advisable to settle at once clearly and precisely the question presented for the benefit of the party who raises it and for that of others who might be placed in the same or analogous position, and provided such determination leaves no doubt in the minds of the Justices.

At other times citation is made of the authority or authorities relied on for the denial, if particular questions are involved which deserve to be emphasized. But where it appears that there is another adequate and effective remedy in the ordinary course of law, or where the extraordinary remedy invoked is not authorized by the statute, no question of jurisdiction or procedure being involved, or where the petition fails to set out the facts with due clearness and fullness so that the error attributed to the lower court appears from the facts themselves and not from the conclusions advanced by the petitioner, or where the court in the exercise of its discretion considers that the relief should not be granted, then the formula usually adopted to settle the matter is simply the phrase *"No ha lugar."* The attorneys who draw up the petitions are legal experts and they know or should know perfectly well, without expressly being told, the reasons for the denial.

The issuance of an extraordinary remedy such as that of certiorari, for instance, on the application of only one of the parties to an action pending in the district court, carries with it delays and confusion and involves expenses for the adverse party, who has to appear before the court in defense of his rights. Consequently, the most elementary principles of sound administration of justice require that caution should be exercised in the issuance of the writ.

It is only where the petition presents a *prima facie* case in favor of the petitioner—not because of his own conclusions to that effect, we repeat, or because of his emphatic assertion that he has made out such a case, but because the same arises from all the facts set forth together with the challenged decisions which must be transcribed, either in full or in their pertinent part, with a statement of the attendant circumstances and of the grounds relied on by the judge who rendered them—that the writ should be issued and the record ordered to be sent up in order to review the proceedings complained of by the petitioner with the intervention of the respondent court and of the party who might be affected by the determination of the case.

Consequently, and as the motion for reconsideration fails to set forth any argument which would convince us that our decision dismissing the petition was erroneous and that the writ sought was properly requested and should be issued, the motion for reconsideration must be denied.